**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DANIELLE RENEE BAKER, and** | ) |
| **LESLIE R. MORRIS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )   **Case No. 18-CV-00543-TCK-JFJ** |
| | ) |
| **KEY MAINTENANCE, INC., a** | ) |
| **domestic corporation; and,** | ) |
| **KEVIN SOAP, individually,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is Plaintiffs' Opposed Motion to Amend Scheduling Order ("Motion")

(Doc. 47). For the foregoing reasons, the motion is **DENIED.** However, due to a Court conflict,

the unelapsed Scheduling Order deadlines will be reset. An Amended Scheduling Order will be

entered separately.

## I.    Background

The case was removed to this Court on October 19, 2018. A Scheduling Order was entered

on November 26, 2018, setting the close of discovery as March 29, 2019. (Doc. 27.) Plaintiffs

issued written discovery to Peoplelink, a defendant with whom they ultimately settled, in late

January/early February.[1] Plaintiffs also appear to have issued written discovery to Defendant Soap

on or about February 12, 2019, as they received responses on March 14, 2019. (Doc. 47, ¶ 7d.)

After receiving this discovery, Plaintiffs requested to depose Defendant Soap, but the Parties were

unable to reach an agreed date. (Doc. 47, ¶ 7i.) Plaintiffs did, however, depose Ted Key, owner

---

[1] Peoplelink's discovery responses were due in mid-March, after a two-week extension.
(Doc. 47, ¶ 7c.) This extension gave Peoplelink 44 days to respond, placing their date of service
in late January/early February. *See* FED. R. CIV. P. 33, 34, and 36 (discovery responses due within
30 days).

of Defendant Key Maintenance, Inc., on March 28, 2019 (Doc. 52-2; Doc. 2-2, ¶ 22). Finally, Plaintiffs filed their Motion on March 29, 2018, the final day of the discovery period, requesting that the Scheduling Order be Amended to allow for 45 additional days of discovery, and that all unexpired deadlines be extended 45 days as well.

## II.     Plaintiffs have not shown good cause for modifying the Scheduling Order

Federal Rule of Civil Procedure ("Rule") 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The Advisory Committee Notes to Rule 16 explain: "[T]he court may modify the scheduling order on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." FED. R. CIV. P. 16 Advisory Committee Notes to 1983 Amendment. "Rule 16's good cause requirements may be satisfied, for example, if a plaintiff learns new information through discovery or the underlying law has changed." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n.*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal citations omitted). However, Rule 16 requires a showing of more than "excusable neglect." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (internal citations omitted) (unpublished).

In this case, Plaintiffs have not alleged any facts indicating that the original discovery deadline could not have reasonably been met, despite their diligence. According to Plaintiffs, their sole actions in discovery were to issue two sets of written discovery between late January and mid-February, and to attempt to take two depositions in mid-March, though they successfully took only one. Neither Plaintiffs' two-month delay in issuing written discovery, nor their over three-month delay in noticing depositions demonstrate that they were diligently pursuing discovery, nor that discovery could not have been completed in the time allotted.

Plaintiffs' argument that they require additional time for discovery because Ted Key's deposition revealed that he did not have the knowledge that Plaintiffs anticipated he would have,

based on Defendant Key Maintenance's initial disclosures, is unavailing. As Plaintiffs themselves concede, Ted Key was not designated under Rule 30(b)(6), and was not required to testify about "information known or reasonably available to the organization." FED. R. CIV. P. 30(b)(6). Rather, he was an individual deponent, required to testify only as to his personal knowledge. *See* FED. R. CIV. P. 30(c)(1); FED. R. EVID. 602. If Plaintiffs sought more than the personal knowledge of Ted Key, they had every opportunity to notice a Rule 30(b)(6) deposition. As they did not, even if Ted Key did not have the knowledge that Plaintiffs anticipated he would have, that fact does not constitute "new information [learned] through discovery" that could justify modifying the scheduling order.

## III. Conclusion

Plaintiffs Baker and Morris have failed to show good cause for modifying the Scheduling Order. Accordingly, their Motion to Amend Scheduling Order is **DENIED.** However, due to a Court conflict, all unelapsed Scheduling Order deadlines will be reset. An Amended Scheduling Order will be entered separately.

**SO ORDERED** this 16th day of May, 2018.

**TERENCE C. KERN**
**United States District Judge**