IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIELLE RENEE BAKER, and <br> LESLIE R. MORRIS, <br><br> Plaintiffs, <br><br> vs. <br><br> KEY MAINTENANCE, INC., a <br> domestic corporation; and, <br> KEVIN SOAP, individually, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 18-CV-00543-TCK-JFJ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

Before the Court are Defendant Key Maintenance, Inc. ("Defendant")'s Motion to Dismiss (Doc. 16) and Defendant Key Maintenance, Inc.'s Motion for Summary Judgment (Doc. 51). For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED AS MOOT.** Additionally, Counts Four and Five against Defendant Kevin Soap are **DISMISSED** *sua sponte.*

**I.     Background**

This case arises out of sexual harassment and retaliation that occurred during Plaintiff Danielle Renee Baker ("Plaintiff Baker")'s seven months of employment with Defendant Peoplelink LLC ("Peoplelink"). Peoplelink is a corporation that specializes in placing temporary/contract workers with its various clients, and employs its own office and managerial staff to conduct this business. (Doc. 2-2, ¶ 4, 6, 8, 9, and 51). Peoplelink hired Plaintiff Baker as an Onboarding Specialist (Doc. 2-2, ¶ 8) in August 2016. She was responsible for recruiting and assigning temporary/contract workers to Peoplelink's clients. (Doc. 2-2, ¶ 9). Plaintiff Baker was hired to assist Plaintiff Leslie R. Morris ("Plaintiff Morris"), who was employed by Peoplelink as

1

an Administrative Assistant. (Doc. 2-2, ¶ 52, 53). Finally, at all times relevant to this Complaint, Defendant Key Maintenance was a client of Peoplelink. (Doc. 2-2, ¶ 10.)

Shortly after Plaintiff Baker was hired, Defendant Soap, a supervisor at Defendant Key Maintenance, made various attempts to begin a romantic or sexual relationship with her, including making unnecessary weekly visits to the office, ostensibly to deliver timesheets. (Doc. 2-2, ¶ 11-15.) Plaintiff Baker declined all of Defendant Soap's romantic or sexual overtures, and Plaintiff Morris told Defendant Soap that such a relationship would violate Peoplelink policy, but Defendant Soap continued to pursue Plaintiff Baker. (Doc. 2-2, ¶ 16-18.) At one point, he invited Plaintiff Baker to "party" with him and various other employees of Defendant Key Maintenance and Peoplelink. (Doc. 2-2, ¶ 22.) During this conversation, he also told Plaintiffs that he was involved in a sexual relationship with Kelly Seaquist ("Seaquist"), one of Plaintiffs' supervisors. He made inappropriate comments about Seaquist and offered to show Plaintiffs inappropriate photographs, which they refused. (Doc. 2-2, ¶ 24.)

Defendant Soap, acting both in an individual and representative capacity, also attempted to recruit Plaintiff Baker to act as his assistant at Defendant Key Maintenance. Plaintiff Baker declined the offer many times. (Doc. 2-2, ¶ 25, 26, 100.) Defendant Soap later asked both Plaintiffs about Plaintiff Baker's salary information, though neither Plaintiff provided him with that information. (Doc. 2-2, ¶ 25, 70.) Further, upon Plaintiff Baker's rejections, Defendant Soap told Plaintiff Baker that he would attempt to have her fired "so that she would have to come and work for him." (Doc. 2-2, ¶ 26.)

Plaintiffs reported "sexual harassment" to Defendant Key Maintenance and Peoplelink. (Doc. 2-2, ¶ 86.) After reporting this sexual harassment, Plaintiff Baker was subject to an unreasonable and unfair increase in scrutiny and as a result began to suffer from headaches, loss

of sleep, and nausea. (Doc. 2-2, ¶ 44.) Plaintiffs also allege that Defendant Key Maintenance and Peoplelink were aware of Defendant Soap's propensities, failed to properly train their employees, and had a negligent policy. (Doc. 2-2, ¶ 89, 93.) Finally, Plaintiffs allege that Seaquist, Leigh Morris, another employee of Peoplelink and supervisor of Plaintiffs, and Defendant Soap, acting both individually, and in his representative capacity for Defendant Key Maintenance, conspired to have both Plaintiffs terminated. (Doc. 2-2, ¶ 104.)

Plaintiff Morris was fired for insubordination on February 2, 2017 (Doc. 2-2, ¶ 74) and Plaintiff Baker was constructively terminated on March 6, 2017. (Doc. 2-2, ¶ 48.) Both Plaintiffs later filed EEOC charges—Plaintiff Baker on February 16, 2018 and Plaintiff Leslie Morris on February 26, 2018. (Doc. 17, pg. 19-23.) They both listed Peoplelink as their employer and describe Defendant Key Maintenance as Peoplelink's client.[1] Plaintiffs filed their Petition ("Complaint") in Mayes County District Court on September 19, 2018, naming as Defendants Peoplelink, Key Maintenance, Seaquist, Leigh Morris, and Soap. (Doc. 2-2.) Peoplelink removed the case to this Court on October 19, 2018 pursuant to federal question jurisdiction. (Doc. 2.) Peoplelink, Seaquist, and Leigh Morris have since settled with Plaintiffs; accordingly, Defendants Key Maintenance and Soap are the only remaining Defendants. (Doc. 49.)

---

[1] Though they are not attached to the Complaint, the Court takes judicial notice of Plaintiffs' EEOC charges. Courts may take judicial notice of facts which are a matter of public record without converting a motion to dismiss into a motion for summary judgment. However, the documents may only be considered to show their contents, not to prove the truth of the matters asserted therein. *See Tal v. Hogan*, 453 F.3d 1244, 12-64-65 n.24(10th Cir. 2006). Other District Courts in this circuit have also taken judicial notice of EEOC charges in ruling on motions to dismiss. *See Chaney v. Wal-Mart Stores Inc.*, No. CIV-15-592-R, 2015 U.S. Dist. LEXIS 148560, *2-3, n.2 (W.D. Okla. Nov. 3, 2015); *Romens v. City of Colo. Springs*, Aug. 3, 2015, 2015 U.S. Dist. LEXIS 101028, *4-8 (D. Colo. Aug. 3, 2015).

**II.      Rule 12(b)(6) Standard**

In considering a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted or whether a claim is barred by an affirmative defense that appears on the face of the Complaint. FED. R. CIV. P. 12(b)(6); *Chen v. Dillard Store Servs.*, 579 F. App'x 618, 621-22 (10th Cir. 2014); 5B Charles A. Wright et. al., Federal Practice and Procedure § 1357 (3d ed.). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Additionally, the Complaint must not be self-defeating and include matters that effectively vitiate the Plaintiff's ability to recover on the claim. Federal Practice and Procedure § 1357 (3d ed.).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins,* 519 F.3d at 1247. Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the

4

absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

**III.     Counts One and Two: Sexual Harassment and Retaliation Under Title VII**

Plaintiffs have alleged claims of Sexual Harassment and Retaliation under Title VII of the Civil Rights Act of 1964 against Defendant Key Maintenance only. Defendant Key Maintenance argues that Plaintiffs have failed to state a claim upon which relief can be granted as to Counts One and Two, as Plaintiffs have failed to exhaust their administrative remedies. In the Tenth Circuit, if a plaintiff fails to exhaust her claims before the EEOC, a defendant may raise that as an affirmative defense. *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1163-64 (10th Cir. 2018). To exhaust her claims, a plaintiff must, at a minimum, file a charge against a party with the EEOC before suing that party under Title VII. *Lu v. Kendall*, 561 F. App'x 751, 754 (10th Cir. 2014). In this case, Plaintiffs have both failed to file a charge against Defendant Key Maintenance. In both of their EEOC charges, Plaintiffs list their employer as Peoplelink Staffing. They describe Defendant Key Maintenance only as Peoplelink's client. Accordingly, barring an applicable exception, Plaintiffs have failed to exhaust their administrative remedies.

The Tenth Circuit has recognized two narrow exceptions to the requirement that a plaintiff must file a charge against a party prior to filing suit under Title VII: when "the defendant was informally referred to in the body of the charge or where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). The Court will consider four factors when a plaintiff attempts to bring a lawsuit against a defendant not named in the plaintiff's EEOC charge:

1. Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

2. Whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

3. Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;

4. Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 1312 (internal citations omitted).

Plaintiffs appear to concede that they did not specifically name Defendant Key Maintenance in their EEOC charges, nor informally refer to Defendant Key Maintenance as an employer in the body of their charges, but appear to argue that there is a sufficient identity of interest between Defendant Key Maintenance and Peoplelink Staffing to give Defendant Key Maintenance notice and allow the EEOC the opportunity to attempt conciliation. (Doc. 25, pg. 10.) However, in consideration of the *Romero* factors, the Court finds that this case does not fall into *Romero*'s narrow exceptions. Defendant Key Maintenance's role was known to Plaintiffs at the time they filed their EEOC charges, as demonstrated by the charges' references to Defendant Key Maintenance as their employer's client. Moreover, Defendant Key Maintenance is a necessary party to any voluntary conciliation and compliance process, as any pre-litigation settlement between Peoplelink and the EEOC would not bind Defendant Key Maintenance. For the same reasons, Defendant Key Maintenance also suffered prejudice due to its omission, as it

was deprived of the opportunity to engage in pre-litigation conciliation. Finally, Plaintiffs have not alleged and do not appear to contend that Defendant Key Maintenance communicated with them in any way, let alone represented that Plaintiffs' relationship with them was to be through Peoplelink. These factors indicate that there is not a sufficient identity of interest between Defendant and Peoplelink to alleviate Plaintiffs' need to name Defendant Key Maintenance specifically in their EEOC charges

Plaintiffs have also argued that the doctrine of equitable tolling should be applied in this case, because Defendant Key Maintenance has "not suffered any prejudice and the factors ordinarily supporting statutes of limitation to not apply in this matter." (Doc. 25, pg. 11.) Because failure to exhaust is an affirmative defense, it is subject to waiver, estoppel, and equitable tolling. *See Payan v. UPS*, 905 F.3d 1162, 1169 (10th Cir. 2018). However, the Tenth Circuit will not equitably toll statutes of limitation unless the circumstances "rise to the level of active deception such as when a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts." *Dumas v. Proctor & Gamble Mfg. Co.*, 453 F. App'x 819, 820-21 (10th Cir. 2011) (internal citations omitted). In this case, however, Plaintiffs have alleged no circumstances that would demonstrate any deception at all, much less the active deception necessary to lull them into inaction. Accordingly, equitable tolling is not appropriate at this time. As neither equitable tolling nor the *Romero* exceptions are applicable to this case, Plaintiffs' failure to name Defendant Key Maintenance as an employer in their EEOC charges constitutes failure to state a claim as to Counts One and Two.

**IV.    Count Three: Negligent Hiring, Training, Supervision and/or Retention**

Plaintiffs have alleged a claim of negligent hiring, training, supervision, and/or retention against Defendant Key Maintenance only. Such a claim is not a respondeat superior claim, but a

claim for the employer's own negligence, based on their employee's harm to a third party through employment. *See N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999). To recover under this claim, the employer must have prior knowledge of their employee's propensity to create the specific danger resulting in damage. *See Schovanec v. Archdiocese of Okla. City*, 2008 OK 70, 188 P.3d 158, 167 (Okla. 2008). The notice can be either actual notice, or notice made to the employer's employee. *Id.*

Here, Plaintiffs have made only limited, conclusory allegations against Defendant Key Maintenance. For example, while Plaintiffs allege that they told Defendant Key Maintenance about sexual harassment, they do not allege when or how they reported the sexual harassment, to whom they reported it, or what behaviors or events they reported. Without these specifics, at a minimum, Plaintiffs allegations are "so general that they encompass a wide swath of conduct, much of it innocent," and so Plaintiffs have not nudged their claim across the line from conceivable to plausible. *See Robbins*, 519 F.3d at 1247. Additionally, many of the remaining allegations are conclusory statements that the Court is not required to accept as true when evaluating a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Accordingly, Count Three is dismissed for failure to state a claim.

V. **Count Four: Intentional Inflection of Emotional Distress**

Plaintiffs have alleged a claim of Intentional Inflection of Emotional Distress ("IIED") against Defendant Soap only. Defendant Soap did not file a motion to dismiss pursuant to Rule 12(b)(6); however, the Court may dismiss a complaint pursuant to Rule 12(b)(6) *sua sponte*. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). *Sua sponte* dismissal under Rule 12(b)(6) is appropriate when it is "patently obvious" that the plaintiff could not prevail on the facts alleged. *See McKinney v. Okla. Dep't. of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991). In

this case, the Court finds that *sua sponte* dismissal is appropriate as to Count Four, as Plaintiffs have failed to state a claim for IIED.

In order to state a claim for IIED, a plaintiff must allege facts showing: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff to suffer emotional distress; and (4) the plaintiff's emotional distress was severe. *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1387 (10th Cir. 1991) (applying Oklahoma law). IIED does not provide redress for every invasion of emotional serenity or every anti-social act that may produce hurt feelings. *Miller v. Miller*, 956 P.2d 887, 900 (Okla. 1998). Rather, the emotional distress must be so severe that no reasonable person could be expected to endure it. *See Robbins Motorsports, L.L.C. v. Nat'l Fire & Marine Ins. Co.*, No. CIV-10-245, 2011 U.S. Dist. LEXIS 59365, *12-13 (N.D. Okla. June 3, 2011) (internal citations omitted). Oklahoma law directs the district court to act as a "gatekeeper" and make an initial determination about the outrageousness of the defendant's conduct, as well as whether severe emotional distress can be found, before sending the claim to a jury. *See Bingaman v. Spirit Aerosystems, Inc.*, No. 14-CV-677-GKF, 2015 U.S. Dist. LEXIS 183267, at *9 (N.D Okla. Feb. 4, 2015) (evaluating a motion to dismiss); *Johnson v. ORS Nasco, LLC*, No. 13-CV-777-JED, 2014 U.S. Dist. LEXIS 197073, *4 (N.D. Okla. Sept. 30, 2014) (evaluating a motion to dismiss).

Plaintiffs have failed to state a claim for IIED, as Plaintiffs have failed to allege that Defendant Soap's conduct caused them to suffer emotional distress. Plaintiffs have not alleged that Plaintiff Morris has suffered any emotional distress at all. Moreover, even assuming, *arguendo*, that Plaintiff Baker has alleged emotional distress, the Complaint alleged that her symptoms were as a result of Peoplelink's retaliatory conduct, not Defendant Soap's conduct. The Court finds that Plaintiffs' IIED claim fails on this ground. Additionally, the Court notes without

9

deciding does not appear that Plaintiffs have alleged sufficient facts to demonstrate that Defendant Soap's conduct was extreme and outrageous to the extent required. Accordingly, Count Four is dismissed *sua sponte*, as it is patently obvious that Plaintiffs have failed to state a claim.

## VI. Count Five: Malicious Interference with A Contractual Relationship

Plaintiffs have alleged a claim of malicious interference with a contractual relationship against both Defendants Key Maintenance and Soap. To succeed on a claim of tortious interference with a contractual or business relationship, a plaintiff must prove (1) the interference was with an existing contractual or business right; (2) such interference was malicious and wrongful; (3) the interference was neither justified, privileged nor excusable; and (4) the interference proximately caused damage. *Wilspec Techs., Inc. v. Dunan Holding Group Co.*, 2009 OK 12, 204 P.3d 69, 74 (Okla. 2009).

Plaintiffs have not alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face. At a minimum, Plaintiffs have failed to allege any facts that indicate actual, as opposed to threatened, interference, any facts other than the fact of his employment that indicate that Defendant Key Maintenance should be vicariously liable for Defendant Soap's conduct, or any facts to distinguish their conspiracy allegations from conclusory allegations the Court is not required to accept as true when evaluating a motion to dismiss. Without this, and other, factual matter, Plaintiffs have once again not nudged their claims across the line from conceivable to plausible.

As with Count Four, the Court finds that Plaintiffs could not prevail on the facts alleged against Defendant Soap. Plaintiffs failure to allege any facts that indicate actual, as opposed to threatened, interference, or any facts to indicate conspiracy, means that the conduct that they have alleged of Defendant Soap also encompasses a wide swath of conduct, much of it legal.

10

Accordingly, Count Five fails against Defendant Soap for the same reasons it fails against Defendant Key Maintenance. Count Five is therefore dismissed as against both Defendants.

## VII. Leave to Amend

"Dismissal with prejudice is appropriate where the complaint fails to state a claim and granting leave to amend would be futile." *See Rosenfield v. HSBC Bank*, 681 F.3d 1172, 1189 (10th Cir. 2012) (internal citations omitted). Leave to amend is futile when the complaint, as amended, would be subject to dismissal. *See Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006). In this case, the Court holds that leave to amend would be futile as to Counts One and Two, the claims of Sexual Harassment and Retaliation under Title VII, against Defendant Key Maintenance. Plaintiffs have failed to file an EEOC charge against Defendant Key Maintenance, as required, and cannot remedy this failure in an amended pleading. Further, Plaintiffs have not argued, in their response, any facts that, if accepted as true, would allow the Court to find that this case falls within *Romero*'s exceptions. Accordingly, the Court has no basis for concluding that Plaintiffs will be able to state a claim against Defendant Key Maintenance under Title VII.

However, the Court holds that leave to amend would not be futile as to Counts Three, Four, and Five, common law claims that Plaintiffs have asserted against one or both of Defendants Key Maintenance and Soap. The Court has found that the Plaintiffs failed to state a claim because these Counts are supported by insufficient or conclusory allegations. However, because Plaintiffs originally pled these claims under the more lenient Oklahoma standard, the Court has no basis to conclude that Plaintiffs could not, once in federal court, plead sufficient facts to state a claim upon which relief can be granted. *Compare Rogers v. QuikTrip Corp.*, 2010 OK 3, 230 P.3d 853, 856 (Okla. 2010) (state court standard) with *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (federal court

standard). Accordingly, Plaintiffs' request for leave to amend is granted only as to Counts Three, Four, and Five.

### VIII. Conclusion

Defendant Key Maintenance, Inc.'s Motion to Dismiss (Doc. 16) is **GRANTED** and Defendant Key Maintenance, Inc.'s Motion for Summary Judgment (Doc. 51) is **DENIED AS MOOT.** Counts Four and Five against Defendant Kevin Soap are **DISMISSED** *sua sponte.* Plaintiffs are granted leave to amend as to Counts Three, Four, and Five only, and may file an Amended Complaint within thirty (30) days of this Order.

All remaining deadlines in the Scheduling Order (Doc. 27) are hereby stricken. Should Plaintiffs file an Amended Complaint, the Parties shall prepare and file a Joint Status Report within thirty (30) days of that Amended Complaint being filed. However, pursuant to this Court's May 16, 2019 Opinion and Order (Doc. 57), the Parties need not provide a Proposed Discovery Cutoff Date.

**SO ORDERED** this 22nd day of May, 2019.

*[signature: Terence C Kern]*

**TERENCE C. KERN**
**United States District Judge**